IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
NO. 1:18-CV-156-GCM

| | |
|---|---|
| ANDREW BENJAMIN FREEMAN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss (Doc. No. 5) for lack of subject matter jurisdiction. Plaintiff filed its Response (Doc. No. 6), and the matter is fully briefed. Having carefully considered such motion and memoranda, the Court enters the following findings, conclusions, and Order.

**I.      Background**

On February 11, 2015, Plaintiff filed a Title XVI application for supplemental security income and a Title II application for a period of disability and disability insurance benefits. (Doc. No. 5-2, at 8). Plaintiff's Title XVI application was granted. (Doc. No. 5-2, at 8). Plaintiff's Title II application was initially denied on June 18, 2015 and then denied upon reconsideration on November 3, 2015. (Doc. No. 5-2, at 8). Plaintiff then filed a written request for a hearing on March 17, 2016. (Doc. No. 5-2, at 8). The hearing was held on June 28, 2017 (Doc. No. 5-2, at 8), and Plaintiff's application was denied by the Administrative Law Judge on September 11, 2017. (Doc. No. 5-2, at 20). Plaintiff requested review of that decision by the Appeals Council, and the Appeals Council denied his request as memorialized in a Notice of Appeals Council Action dated March 15, 2018. (Doc. No. 5-2, at 24). The Appeals Council also informed him that he had "60

1

days to file a civil action" and that the 60-day count would start 5 days after the date on the Notice of Appeals Council Action. (Doc. No. 5-2, at 22). On March 29, 2018, Plaintiff sent additional information for consideration to the Appeals Council (Doc. No. 6-1). On March 15, 2018, the Appeals Council declined to reopen and change its decision. (Doc. No. 5-2, at 25).

## II. Standard of Review

When a party moves for dismissal under Fed. R. Civ. P. 12(b)(1) challenging the Court's subject matter jurisdiction, the burden is on the plaintiff to show that federal jurisdiction is proper. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Further, where a party challenges a court's "'very power to hear the case,'" a court is free to weigh evidence to determine the existence of jurisdiction, and no presumptive truthfulness attaches to a plaintiff's allegations. *Int'l Longshoremen's Ass'n v. Virginia Int'l Terminals*, 914 F. Supp. 1335, 1338 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

## III. Discussion

Defendant argues that (1) Plaintiff's Complaint should be dismissed because he did not comply with the requirement that he file his claim within 60 days of receiving the final decision of the commissioner and (2) there are no circumstances justifying equitable tolling of that 60-day requirement. (Doc. No. 5-1, at 2-5).

### A. Timeliness of Plaintiff's Claim

Defendant first argues that Plaintiff's Complaint was untimely and that, consequently, the Court lacks subject matter jurisdiction over the Complaint. (Doc. No. 5-1, at 2). It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Judicial review of claims arising under Title II of the Social Security Act is governed by 42 U.S.C. § 205(g). Section 205(g) explains that individuals may obtain review of such claims only if the civil action is "commenced within sixty days after the mailing to him of notice of such decision." "Mailing" has been interpreted to be the day that the individual receives the Appeals Council's notice of denial of request for review, and the date of receipt is "presumed to be five days after the date of such notice." 20 C.F.R. § 422.210(c).

Plaintiff's Notice of Appeals Council Action (denying his request for review) was dated March 15, 2018. (Doc. No. 5-2, at 24). After accounting for the presumptive 5-day window for receipt, Plaintiff was required to file his claim by May 19, 2018. *See* 20 C.F.R. § 422.210(c). Because Plaintiff filed his claim June 6, 2018, it was untimely. *See* 42 U.S.C. § 205(g). Plaintiff seeks to circumvent his untimely filing by arguing that "the case was under consideration at the Appeals Council until April 9, 2018." (Doc. No. 6, at 3). Plaintiff appears to be referring to his request that the Appeals Council reopen its determination to review the Administrative Law Judge's decision, which was denied April 9, 2018. (Doc. No. 5-2, at 25). However, Plaintiff has cited no authority indicating that by asking the Appeals Council to reopen his appeal, he can reset the 60-day clock (which, per 42 U.S.C. § 205(g), explicitly begins upon receipt of the Appeals Council's denial). The Court declines to accept Plaintiff's invitation to modify the plain language of 20 C.F.R. § 422.210(c). Instead, the Court finds that Plaintiff's claim was untimely.

**B.  Equitable Tolling**

Plaintiff further argues that the Court should not toll the 60-day requirement. (Doc. No. 5-1, at 5). In *Califano v. Sanders*, 430 U.S. 99, 108 (1977), the Supreme Court stated that "the congressional purpose, plainly evidenced in section 205(g), [was to] impose a 60-day limitation

upon judicial review of the Commissioner's final decision . . . ." While the 60-day period specified in section 205(g) of the Act can be tolled by courts, courts should extend the period only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 479, 480 (1986) (citation omitted). For example, in *Bowen*, the Supreme Court determined that tolling was appropriate because secretive conduct, by the government, prevented the plaintiffs from knowing that a violation of their rights had occurred. *Id.* at 481. This is not such a case, and Plaintiff cites no authority showing that the Appeals Council's decision not to reopen the case justifies equitable tolling of the 60-day period.

**IV.     Conclusion**

Because Plaintiff failed to file a timely Complaint and equitable tolling is not appropriate, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

Signed: December 9, 2019

Graham C. Mullen
United States District Judge